United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHING LEE,<br><br>        Plaintiff,<br><br>    v.<br><br>KAMALA D. HARRIS,<br><br>        Defendant. | Case No. 15-cv-05316-SK<br><br>**ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO ALLEGE CLAIM EXHAUSTION IN STATE COURT**<br><br>Regarding Docket No. 1 |

On November 19, 2015, Petitioner Ching Lee filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1) The Petition states that on November 18, 2015, a petition was also filed with the California Supreme Court. (*Id., ¶* IV.) A prerequisite for obtaining a writ of *habeas corpus* in federal court is the exhaustion of state court remedies. A claim is exhausted when the highest state court has had a fair opportunity to rule on it, either on direct appeal or through the post-conviction process. *Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 302 (1984). A claim is not exhausted unless it has been pursued and adjudicated through the highest state court with jurisdiction, including courts with jurisdiction to conduct a discretionary review. *O'Sullivan v. Boerckel,* 526 U.S. 842, 847 (1999).

Petitioner has failed to allege exhaustion of state court remedies or otherwise seek relief from this Court to stay and hold his claim in abeyance while he returns to the state court to exhaust. *See Rhines v. Weber,* 544 U.S. 269, 277-78 (2005). Accordingly, the Court ORDERS Petitioner to show cause as to why his Petition should not be dismissed.

Petitioner is directed to file a response to this Order to Show Cause, by no later than December 31, 2015 and to simultaneously file any additional pleading necessary to preserve the Petition in federal court.

1 **IT IS SO ORDERED**.

2 Dated: December 7, 2015

_____
SALLIE KIM
United States Magistrate Judge