UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHING LEE,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>KAMALA D. HARRIS,<br><br>　　　　　Respondent. | Case No. 15-cv-05316-BLF<br><br>**ORDER GRANTING RESPONDENT'S REQUEST FOR SUPPLEMENTAL BRIEFING**<br><br>[Re: ECF 16] |

　　　　Before the Court is petitioner's motion for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), pending exhaustion of the claims contained in his wholly unexhausted petition. ECF 6. After Respondent filed an opposition brief, the Ninth Circuit issued a decision in Mena v. Long, ___ F.3d ___, 2016 WL 625405, at *1 (9th Cir. 2016), in which it held "that the *Rhines* stay-and-abeyance procedure is not limited to mixed petitions, and a district court may stay a petition that raises only unexhausted claims." As a result, the Court requested supplemental briefing on the impact of *Mena* on the pending motion. ECF 15.

　　　　On March 18, 2016, Respondent filed a supplemental brief that acknowledged "[b]y extending the holding of *Rhines* to wholly unexhausted petitions, *Mena* has dramatically altered the legal landscape in this circuit with regard to such petitions." Respondent understood the Court's request for supplemental briefing as being limited to the impact of *Mena* on the pending motion, and not covering a discussion of whether a stay is appropriate under the factors set forth in *Rhines*. *See Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) ("Under *Rhines*, a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to

exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics."). Thus, Respondent asks for leave to file a supplemental opposition to the motion for a stay and abeyance in order to address the *Rhines* factors. Respondent also notes that Petitioner should have the opportunity to file a reply brief to respond to arguments raised in Respondent's supplemental opposition.

Accordingly, the Court GRANTS Respondent's request. Respondent shall file a supplemental opposition brief of no more than five pages **on or before April 1, 2016** and Petitioner shall file a supplemental reply brief of no more than five pages **on or before April 8, 2016**.

**IT IS SO ORDERED.**

Dated: March 18, 2016

_____
BETH LABSON FREEMAN
United States District Judge

2