UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHING LEE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KAMALA D. HARRIS,<br><br>　　　　　Respondent. | Case No. 15-cv-05316-BLF<br><br>**ORDER DENYING AS MOOT PETITIONER'S MOTION FOR STAY AND ABEYANCE**<br><br>[Re: ECF 6] |

　　　　Petitioner Ching Lee filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court is Petitioner's motion for a stay and abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). For the reasons discussed herein, Petitioner's motion for a stay and abeyance is DENIED AS MOOT. The Court will separately issue an order directing Respondent to answer the petition for habeas corpus.

　　　　On November 16, 2012, Petitioner was found guilty in Contra Costa County Superior Court of inflicting corporal injury on a spouse. Petition 5, ECF 1. Petitioner was required to serve one day in prison, sentenced to three years of probation, attend a fifty-two week domestic violence class, and perform twenty hours of community service. *Id*.

　　　　The Contra Costa County Superior Court denied Petitioner's direct appeal on September 19, 2014. *Id*. at 6. On July 17, 2015, Petitioner's petition for writ of habeas corpus in Contra Costa Superior Court was denied. *Id*. Since Petitioner's probation was going to end on November 20, 2015, Petitioner filed the instant petition on November 19, 2015, before his state claim had been exhausted, so he did not fall outside the one year and ninety day statute of limitations. *Id*. Petitioner has also filed a petition in the California Supreme Court in order to exhaust his state claim. *Id*. Petitioner indicated that he would be filing a motion to stay and abey the instant

petition until his state claim is exhausted. *Id*.

Before Petitioner could file his motion for a stay and abeyance, the Court issued an order to show cause why this petition should not be dismissed for failure to allege claim exhaustion in state court. ECF 3. Petitioner filed his response to the order to show cause and simultaneously filed his motion for a stay and abeyance. ECF 6. The Court set a briefing schedule and ordered Respondent to file an opposition to the motion to stay and abey by February 12, 2016, and Petitioner to file a reply by February 19, 2016. Pursuant to that schedule, Respondent filed an opposition, ECF 14, where Respondent argued that "[t]he petition in this case is wholly unexhausted… [and] the holding of *Rhines [v. Weber*, 544 U.S. 269 (2005)] is clear:… [a] district court has no discretion to stay a wholly unexhausted petition, which must be dismissed." Opp. at 1, ECF 14.

On February 17, 2016, the Ninth Circuit issued a decision in *Mena v. Long*, ___ F.3d ___, 2016 WL 625405, at *1 (9th Cir. 2016). In *Mena*, the Ninth Circuit held that the *Rhines v. Weber*, 544 U.S. 269 (2005) stay and abeyance procedure "is not limited to mixed petitions, and a district court may stay a petition that raises only unexhausted claims." As a result, the Court requested supplemental briefing on the impact of *Mena* on the pending motion. ECF 15.

On March 18, 2016, Respondent filed a supplemental brief that acknowledged "[b]y extending the holding of *Rhines* to wholly unexhausted petitions, *Mena* has dramatically altered the legal landscape in this circuit with regard to such petitions." ECF 16 at 2. Respondent understood the Court's request for supplemental briefing as being limited to the impact of *Mena* on the pending motion, and not covering a discussion of whether a stay is appropriate under the factors set forth in *Rhines*. *Id*. at 3. Thus, Respondent asked for leave to file a supplemental opposition to the motion for a stay and abeyance in order to address the *Rhines* factors, which the Court granted. *Id*; ECF 17. The Court directed Respondent to file a supplemental opposition brief by April 1, 2016, and Petitioner to file a supplemental reply brief by April 8, 2016. ECF 17.

Pursuant to that schedule, Respondent filed a supplemental opposition brief on April 1, 2016. ECF 18. On April 8, 2016, Petitioner filed a supplemental reply, which stated that on March 31, 2016, he received notice from the California Supreme Court denying his habeas

petition. ECF 19 at 1-2. As a result, he argues that the sole claim in his petition for writ of habeas is exhausted.[1] *Id*.

Given the California Supreme Court's decision to deny Petitioner's petition, his petition for writ of habeas before this Court is now wholly exhausted. As a result, Petitioner's motion for a stay and abeyance is moot. *See, e.g.*, *Miles v. Johnson*, Case No. 15-cv-3346-CJC(AFM), 2016 WL 1253283, at *1 (C.D. Ca. Feb. 19, 2016); *Gamez v. Ryan*, Case No. 12-cv-00639-TUC-JGZ(JR), 2014 WL 838743, at *1 (D. Az. March 4, 2014). Accordingly, the Court DENIES AS MOOT Petitioner's motion for a stay and abeyance.

**IT IS SO ORDERED.**

Dated: April 12, 2016

_____
BETH LABSON FREEMAN
United States District Judge

---

[1] In his supplemental reply, Petitioner also requests that "the Court consider Petitioner's motion for leave to amend his habeas petition, which has been concurrently filed with this reply, before ruling on Petitioner's claim." Contrary to Petitioner's claim, no motion for leave to amend was filed with his reply.

3