# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| CHING LEE,<br><br>    Plaintiff,<br><br>v.<br><br>KAMALA D. HARRIS,<br><br>    Defendant. | Case No. 15-cv-05316-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Re: ECF 23] |

Before the Court is Respondent's motion to dismiss the amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mot., ECF 23. For the reasons stated below, the Court GRANTS the motion to dismiss and DISMISSES with prejudice Petitioner's petition for writ of habeas corpus.

**I.  BACKGROUND**

On November 16, 2012, Petitioner was found guilty in Contra Costa County Superior Court of inflicting corporal injury on a spouse. Am. Pet. 6, ECF 22. Petitioner was sentenced to three years of probation, and required to serve one day in jail, attend a fifty-two week domestic violence class, and perform twenty hours of community service. Clerk's Tr. On Appeal 66, ECF 22-2.

The Contra Costa County Superior Court denied Petitioner's direct appeal on September 19, 2014. Am. Pet. 7. On May 26, 2015, Petitioner filed for a writ of habeas corpus in the Appellate Division of Contra Costa County Superior Court, which was denied on July 17, 2015. Ex. E to Am. Pet., ECF 22-6; Mot. 2. On November 18, 2015, Petitioner filed a petition of writ of habeas corpus in the California Supreme Court. Ex. 1 to Mot. Petitioner's probation ended two days later on November 20, 2015. Resp. to Mot. ("Resp.") 5, ECF 24. The California Supreme Court denied the petition on March 23, 2016, citing to *People v. Villa*, 45 Cal. 4th 1063 (2009) and

1  *In re Wessley W.*, 124 Cal. App. 3d 243, 246 (1981).  Ex. F to Am. Pet.

2        On November 19, 2015, Petitioner filed a petition in this Court before his state claim was
3  exhausted, but given the California Supreme Court's later decision denying his petition, his claim
4  has become wholly exhausted.  ECF 20.  On May 4, 2016, Petitioner filed an amended petition, to
5  which Respondent now moves to dismiss.  Am. Pet.; Mot.

6  **II.    LEGAL STANDARD**

7        This Court may entertain a petition for a writ of habeas corpus on "behalf of a person in
8  custody pursuant to the judgment of a State court only on the ground that he is in custody in
9  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v.*
10 *Hodges*, 423 U.S. 19, 21 (1975).  Prisoners in state custody who wish to challenge collaterally
11 in federal habeas proceedings either the fact or length of their confinement are first required to
12 exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by
13 presenting the highest state court available with a fair opportunity to rule on the merits of each
14 and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*,
15 455 U.S. 509, 515-16 (1982); *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981); *McNeeley v. Arave*,
16 842 F.2d 230, 231 (9th Cir. 1988).  The state's highest court must be given an opportunity to
17 rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838,
18 845 (1999) (petitioner must invoke "one complete round of the State's established appellate
19 review process.").

20       However, a federal court will not review questions of federal law decided by a state
21 court if the decision also rests on a state law ground that is independent of the federal question
22 and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991).
23 In the context of direct review of a state court judgment by a federal court, the "adequate and
24 independent state ground" doctrine goes to jurisdiction; in federal habeas cases, it is also
25 grounded in comity and federalism. *Id.*  The procedural default rule is a specific instance of
26 the more general "adequate and independent state grounds" doctrine. *Wells v. Maass*, 28 F.3d
27 1005, 1008 (9th Cir. 1994).

28       In cases in which a state prisoner has defaulted his federal claims in state court

1  pursuant to an independent and adequate state procedural rule, federal habeas review of the
2  claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice
3  as a result of the alleged violation of federal law, or demonstrate that failure to consider the
4  claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. Where
5  petitioner's claims were not fairly presented to the state courts, but an independent and
6  adequate state procedural rule exists which bars their review, claims are procedurally barred in
7  federal habeas review. *Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011). A petitioner must
8  establish factual innocence in order to show that a fundamental miscarriage of justice would
9  result from application of procedural default. *See Gandarela v. Johnson*, 286 F.3d 1080, 1085
10 (9th Cir. 2002); *Wildman v. Johnson*, 261 F.3d 832, 842-43 (9th Cir. 2001).

## III.  DISCUSSION

Respondent argues that the amended petition should be dismissed as procedurally defaulted. Mot. 3. According to Respondent, Petitioner raised the same two claims of ineffective assistance of trial counsel in state habeas review to the California Supreme Court as those in his federal petition here. Ex. 1 to Mot.; Mot. 4. The California Supreme Court denied the petition citing to *People v. Villa*, 45 Cal. 4th 1063 (2009) and *In re Wessley W.*, 124 Cal. App. 3d 243, 246 (1981). The California courts in these two cited cases held that California Penal Code section 1473(a) only makes habeas relief available to petitioners in constructive custody, and not those out of custody. Mot. 4. Given that Petitioner's probation ended just two days after he petitioned the California Supreme Court, Respondent argues that the California Supreme Court rightly barred his claims under *Villa*. *Id.* Respondent further claims that the imposition of the *Villa* bar was "adequate," because it is "firmly established" and "regularly followed." *Id.* at 4-5.

Petitioner disputes that the California Supreme Court's denial of his petition rested on "an adequate and independent state law basis." Resp. 3. Specifically, Petitioner argues that references to federal law were interwoven throughout *Villa*. *Id.* at 4. Petitioner also argues that the instant case differs from *Villa*, in that he filed his state habeas petition when he was still on probation. *Id.* Separately, Petitioner contends that jurisdiction has already attached to this Court because an expired sentence does not render the federal petition moot as long as the petitioner was in custody

3

"at the time his petition was filed." *Id.* at 5-6 (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). Lastly, Petitioner claims that even if there were an independent and adequate state procedural ground, he can demonstrate cause and prejudice. *Id*. at 6.

### A. Whether the California Supreme Court's Denial Rests on an Independent State Ground

The California Supreme Court issued a denial of the state habeas claim, stating only that "[t]he petition for writ of habeas corpus is denied. (See *People v. Villa* (2009) 45 Cal. 4th 1063 and *In re Wessley W.* (1981) 124 Cal. App. 3d 243, 246.)" *Harris v. Superior Court of State of Cal., Los Angeles Cty.*, 500 F.2d 1124, 1125 (9th Cir. 1974) (noting the practice of the California Supreme Court in entering a "very brief order" denying a petition for a writ of habeas corpus). Here, Petitioner does not dispute that the California Supreme Court's denial of his petition rests on *Villa* or that the *Villa* bar is "firmly established" or "regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011); Reply 2. Rather, the main thrust of Petitioner's argument is that *Villa* is interwoven with federal law, and thus is not an independent state ground to qualify as a procedural default. *Id.* at 3-4. The Court now reviews *Villa* in detail below to evaluate whether the *Villa* bar is an independent state ground.

Avelino Villa, the petitioner in *Villa*, pled guilty to possession of cocaine for sale in 1989 and was sentenced to three years of probation. 45 Cal. 4th at 1066. One year after his conviction, he obtained lawful permanent resident status in United States. *Id.* at 1066-67. In 2005, when Villa applied to renew his permanent resident status, the Immigration and Naturalization Service ("INS") arrested him for deportation based on his 1989 conviction. *Id.* at 1067. Villa then petitioned for writ of habeas corpus to overturn his 1989 conviction, alleging ineffective trial counsel among other claims. *Id.* The California Supreme Court first noted that availability of the writ of habeas corpus in California is implemented by Penal Code section 1473, subdivision (a), which provides: "Every person unlawfully *imprisoned or restrained . . .* may prosecute a writ of habeas corpus." *Id.* at 1068 (emphasis in original) (citing Cal. Penal Code § 1473(a)). The court then concluded that "a necessary prerequisite for issuance of the writ is the custody or restraint of the petitioner," where custody can include constructive custody, such as parole or probation. *Id.* at

4

1068-69. The court then found that Villa was no longer in the custody of the state of California, the sovereign responsible for the 1989 conviction, but in the custody of INS. *Id.* at 1072. As such, his detainment for removal "did not constitute 'custody' . . . for the purposes of satisfying the habeas corpus jurisdictional requirements of California law." *Id*. In other words, the court found that INS's custody and potential deportation are "collateral consequences" for Villa, and did not constitute "custody for state habeas corpus purposes." *Id.* at 1070-72, 1074.

Contrary to Petitioner's arguments, this Court finds that the *Villa* bar is based on a state ground independent from federal law, made apparent by *Villa*'s detailed reasoning and its numerous citations to California statutes and cases. *Villa*'s conclusion that state habeas relief is only available to those in custody stemmed from its interpretation of California Penal Code section 1473. Such an interpretation of a state statute constitutes an independent state ground, unrelated to federal law. Although *Villa* cites to a federal case, *Maleng v. Cook*, 490 U.S. 488 (1989), the discussion there was to provide examples of collateral consequences of a criminal conviction, similar to Villa's deportation, which do not constitute "custody" for the purpose of California state habeas. 45 Cal. 4th at 1070-71 (holding that collateral consequences, such as the loss of the license to practice medicine, sex offender registration, inability to vote, or inability to serve on a jury, do not constitute constructive custody). Although *Villa* also cites *Maleng* for the proposition that "the collateral consequences [] are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it," this citation was not interwoven into *Villa*'s analysis, nor did it form the underpinnings for the *Villa* bar. *Id.* at 1071 (citing *Maleng*, 490 U.S. at 492). Rather, the holding in *Villa* was rooted in the court's interpretation of California Penal Code section 1473 and based on other California cases interpreting the statute. *E.g.*, 45 Cal. 4th at 1070-71 (citing to *In re Wessley W.*, 124 Cal. App. 3d 243, 247 (1981) (finding no constructive custody and thus habeas relief unavailable)). That the California Supreme Court denied Petitioner's petition for state habeas relief on independent state procedural grounds is reinforced by the additional citation to *In re Wessley W.*, a case that discussed no federal cases and also concluded that collateral consequences, such as being on law enforcement's "rap sheet," do not constitute constructive custody under section 1473. 124 Cal.

5

1  App. 3d at 246-47.

2  Petitioner also advances the argument that even if the state rule were independent of federal law, a case-by-case inquiry is still required. Resp. 4 (citing to *Cooper*, 641 F.3d at 332). However, the case-by-case inquiry mentioned in *Cooper* pertains to a situation where the state court procedural determination relies on a federal constitutional claim. In *Cooper*, the Nevada Supreme Court analyzed whether the alleged violations under *Brady v. Maryland,* 373 U.S. 83 (1963) qualified for cause and prejudice, to reach its determination on procedural default. 641 F.3d at 332. The Ninth Circuit determined that the state court's decision with respect to those claims in *Cooper* did not rest on an independent state ground. Here, the California Supreme Court did not analyze Petitioner's federal claims to deny his petition but rather relied on an independent state ground so *Cooper* is inapposite.

### B. Jurisdiction Attached to This Court

Petitioner also argues that jurisdiction has attached to this Court when he filed the federal petition before he completed his probation. Resp. 5. However, this is inapposite to the doctrine of state procedural default. Although federal law does not moot habeas relief as long as the "petitioner had been in physical custody under the challenged conviction at the time the petition was filed," the cases proffered by Petitioner say nothing on the issue of state procedural default. *E.g.*, *Maleng*, 490 U.S. at 492. Contrary to Petitioner's implication that the alleged attached jurisdiction takes precedence over procedural default, the Ninth Circuit has expressly found that procedural default can still bar federal review where a federal habeas corpus petition is not moot on its own. *Wood v. Hall*, 130 F.3d 373, 376, 378 (9th Cir. 1997).

### C. Cause and Prejudice and Miscarriage of Justice

Where, as here, the Court finds an independent and adequate state procedural ground supporting the state court denial of a habeas petition, federal habeas review is barred unless the prisoner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

The "cause standard" requires the petitioner to show that "'some objective factor external

to the defense impeded counsel's efforts to raise the claim." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule," the Supreme Court has noted that "a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." *Murray*, 477 U.S. at 488 (internal quotation and citations omitted). Next, with respect to the "prejudice" prong, petitioner bears the burden of showing, "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). "To ascertain the level to which such errors taint the constitutional sufficiency of the trial, they must 'be evaluated in the total context of the events at trial.'" *See Paradis v. Arave*, 130 F.3d 385, 393 (9th Cir.1997) (quoting *Frady*, 456 U.S. at 169).

Lastly, the "miscarriage of justice" exception is limited to habeas petitioners who can show, based on "new reliable evidence," that "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Schlup v. Delo*, 513 U.S. 298, 324-27 (1995) (quoting *Murray*, 477 U.S. at 496); *see, e.g.*, *Wildman v. Johnson*, 261 F.3d 832, 842-43 (9th Cir. 2001) (holding petitioner must establish "factual innocence" in order to show fundamental miscarriage of justice would result from application of procedural default).

Here, Petitioner summarily argues that the state court did not timely provide him with a full transcript of the trial proceedings, thus establishing cause and prejudice to excuse the procedural default. Resp. 6.[1]  The Court is not persuaded that the delay in obtaining the transcripts was an "interference" that "made compliance impractical." Of the transcripts submitted by Petitioner in his state habeas petition, the Clerk's Transcript was filed on May 1, 2013, and the Reporter's Transcript was filed in the superior court on April 10, 2013. Reply 5-6 (citing Ex. 1 to

---

[1] Petitioner incomprehensibly argues that "these circumstances have been outlined in previous pleadings in the instant proceeding" Resp. 6, without providing the Court with so much as a clue as to where in the docket such evidence might reside. The Court declines the invitation to sift through the court file and to guess which portions might pertain to this argument.

1   Mot.). However, Petitioner did not make a state filing for a writ of habeas corpus until more than
2   two years later on May 26, 2015. Ex. E to Am. Pet.; Reply 6. Even if Petitioner was waiting for
3   the decision on his direct appeal, the direct appeal was denied on September 19, 2014 and
4   Petitioner has offered no explanation as to why he waited until May 26, 2015 to file his state
5   petition. Am. Pet. 7; Ex. E to Am. Pet. Nor is there anything in the record that suggests he could
6   make the requisite showing of "cause." Given that both "cause and prejudice" are required to
7   excuse the procedural default, Petitioner cannot succeed in overcoming the default when failing to
8   demonstrate "cause." Nevertheless, Petitioner also conclusorily states in support of the
9   "prejudice" prong, that "exclusion of the evidence that is the subject of this petition would
10  materially alter the outcome of his cases due to the damning nature of the hearsay statements."
11  Resp. 6. Given that Petitioner has made no attempt to expound on why the alleged errors
12  "[infected] his entire trial with error of constitutional dimensions," Petitioner similarly fails to
13  address the "prejudice" prong. Resp. 6. Finally, Petitioner does not argue that there would be a
14  "miscarriage of justice," the other exception to procedural default. Accordingly, the Court finds
15  that the procedural default is not excused and the procedural default thus bars federal review of his
16  petition.

17  **D.   Certificate of Appealability**

18  The federal rules governing habeas cases brought by state prisoners require a district court
19  that issues an order denying a habeas petition to either grant or deny therein a certificate of
20  appealability ("COA"). *See* Rule 11(a) of the Rules Governing Section 2254 Cases. A judge shall
21  grant a certificate of appealability "only if the applicant has made a substantial showing of the
22  denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which
23  issues satisfy this standard, *id.* § 2253(c) (3). Specifically, a "petitioner satisfies this standard by
24  demonstrating that jurists of reason could disagree with the district court's resolution of his
25  constitutional claims or that jurists could conclude the issues presented are adequate to deserve
26  encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

27  "Determining whether a COA should issue where the petition was dismissed on procedural
28  grounds has two components, one directed at the underlying constitutional claims and one directed

8

at the district court's procedural holding." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 484.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here.  *See id.*

Here, Petitioner has not made a showing that the procedural default could be excused, and accordingly, a COA will be denied.  This Court's conclusion with respect to procedural default is not subject to reasonable debate.  On that basis, this request is denied.  Petitioner may not appeal the denial of a COA in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.  *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

## IV. ORDER

For the foregoing reasons,

(1) Respondent's motion to dismiss is GRANTED and the petition for writ of habeas corpus is DISMISSED WITH PREJUDICE;

(2) A certificate of appealability is DENIED; and

(3) The Clerk shall enter judgment and close the file.

Dated: December 22, 2016

BETH LABSON FREEMAN
United States District Judge

9